UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERI KROP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-CV-04860 |
| v. ) | |
| ) | |
| BLITT & GAINES, P.C. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Geri Krop ("Plaintiff") filed her First Amended Complaint against Defendant Blitt & Gaines, P.C. ("Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Before the Court is Defendant's motion to dismiss. For the following reasons, the Court grants Defendant's motion to dismiss [13].

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving Defendant's motion to dismiss. When ruling on a motion to dismiss, the Court may consider documents attached to the complaint, as well as documents central to the complaint and referred to in it. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

On February 3, 2023, Plaintiff filed a police report with the Richton Park Police Department upon learning that she was a victim of identity theft. In the police report, Plaintiff stated that she received information about three fraudulent accounts that were opened in her name without her authorization. One of those accounts concerned a credit card from Wayfair. Wayfair's credit cards are issued by Citibank, N.A. ("Citibank").

1

Plaintiff sent correspondence to Citibank on April 10, 2023, relaying information related to Plaintiff's identity theft. While the Wayfair account was deleted from Plaintiff's credit reports, she continued to receive bills from Citibank. Plaintiff continued to write Citibank about the identity theft issue and the request to close her Wayfair credit card. Citibank ignored Plaintiff's correspondence and sent Plaintiff a "Collections Agency Placement" letter dated May 31, 2023, informing Plaintiff that the Wayfair account will be placed for collections. Citibank never addressed Plaintiff's contention that the subject debt in the Wayfair account was a result of identity theft and, therefore, improperly opened in Plaintiff's name.

Defendant, on behalf of Citibank, issued a letter to Plaintiff regarding the subject debt. The letter outlined that Plaintiff could take the following steps to dispute the debt:

> Call or write to us by January 24, 2024 to dispute all or part of the debt. If you do not, we will assume that our information is correct. If you write to us by January 24, 2024, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.

Plaintiff informed Defendant that she disputed the entire debt and that she was a victim of identity theft in a December 29, 2023 letter. To date, Plaintiff has not received correspondence from Defendant verifying that she owes the debt. Plaintiff argues that Defendant failed to maintain procedures to avoid the collection of a debt from an unauthorized credit card that Plaintiff never applied for.

Thereafter, Plaintiff filed a lawsuit for damages under the FDCPA and Defendant moved to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**LEGAL STANDARD**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs*

*v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**DISCUSSION**

"Article III of the Constitution limits the federal judicial power to deciding 'Cases' and 'Controversies'" and "as an essential part of a federal court's authority under Article III, [the] standing doctrine ensures respect for these jurisdictional bounds." *Prairies Rivers Network*, 2 F.4th at 1007. To establish standing under Article III, a plaintiff must show: (1) that she suffered an injury-in-fact; (2) that is fairly traceable to the defendant's conduct; (3) that is likely to be redressed by a favorable judicial decision. *See Protect Our Parks, Inc., v. Chicago Park Dist.*, 971 F.3d 722, 729 (7th Cir. 2020). The proponent of subject matter jurisdiction, here Plaintiff, has the burden of establishing standing. *See Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

Defendant argues that Plaintiff lacks standing because she did not suffer a cognizable injury nor was she at risk of suffering any harm. Plaintiff contends that she suffered two injuries: (1) Defendant's violation of the FDCPA and (2) payment to a professional to halt collection of a fraudulent debt.

As for the first alleged injury, Plaintiff contends that Defendant's December 2023 letter violated the FDCPA because Defendant's statement that it would stop collection on the debt *until* Defendant sent information to Plaintiff showing that she owes the debt was misleading because it suggested that Plaintiff could do nothing to stop the collection of the debt, only the delay the collection. Plaintiff contends that the use of the word "until" instead of "unless" meant that Defendant would provide information to Plaintiff regarding the debt in the future. Since Defendant never provided such information, Plaintiff alleges the language is misleading and designed to force

3

an individual to pay a debt that they do not owe. As for the second alleged injury, Plaintiff contends that she was forced to pay a professional to halt the collection of the fraudulent debt due to the misleading language in the December 2023 letter. The main question is whether Plaintiff suffered an "injury-in-fact."

The Supreme Court has described the injury-in-fact requirement as the "[f]irst and foremost" element of standing. *Steel Co. v. Citizens of a Better Environment,* 523 U.S. 83, 103, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998). An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992). An alleged harm need not be tangible to be "concrete," but it must be "'real,' and not 'abstract.'" *Spokeo, Inc. v. Robins,* 578 U.S. 330, 340, 136 S. Ct. 1540, 194 L.Ed.2d 635 (2016).

While Congress has authorized a plaintiff to sue a debt collector who fails to comply with the FDCPA requirements, a plaintiff is still required to show a concrete injury even in the context of a statutory violation. *See Spokeo,* 578 U.S. at 341. In other words, Plaintiff cannot demonstrate standing simply by pointing to Defendant's procedural violation. Accordingly, Plaintiff's first argument, that she suffered an injury because Defendant's December 2023 letter violated the FDCPA, fails.

Plaintiff's second argument, that her injury are fees that she paid to a professional due to the misleading language of Defendant's December 2023 letter, likewise fails. Plaintiff argues that her injury in hiring a professional to respond to Defendant's December 2023 letter is distinguishable from the caselaw offered by Defendant as the caselaw holds that hiring an attorney, not a professional, is insufficient to establish standing. The Court finds that there is no distinguishable characteristics between hiring an attorney and hiring a professional. Indeed, the Seventh Circuit has held that a plaintiff's decision to hire an attorney is insufficient to establish standing. *See Choice v.*

*Kohn Law Firm, S.C.*, 77 4th 636, 639 (7th Cir. 2023). Plaintiff offers no distinguishable characteristics between hiring an attorney and hiring a professional. As an attorney is a type of professional, the Court holds Plaintiff's professional fees are not a sufficient injury to establish standing under Article III.[1]

**CONCLUSION**

For these reasons, the Court grants Defendant's motion to dismiss [13]. Amendment would be futile as any non-physical injury, such as emotional harm, is insufficient to establish standing under Article III. *See Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668-9 (2021).

**IT IS SO ORDERED.**

Date: 1/6/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[1] As Plaintiff lacks standing under Article III, the Court need not address the merits of Defendant's 12(b)(6) motion to dismiss argument.